**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 6, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

KEVIN THOMAS HEARD,

Defendant–Appellant.

No. 11-3276

(D.C. No. 2:11-CR-80043-CM-JPO-1)

(D. Kansas)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **McKAY,** and **HOLMES**, Circuit Judges.

---

After examining counsel's *Anders* brief, Defendant's response, and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument.

Defendant Kevin Heard admitted to violating his supervised release in connection with an earlier conviction for being a felon in possession of a firearm. Previous violations of his supervised release resulted in home detention and electronic monitoring. The probation office further restricted Defendant's detention after he was out of the home without authorization at least three times. Defendant subsequently reported one day late

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

to the probation office after the office received an alert that Defendant's ankle bracelet had been tampered with. Defendant was thereafter arrested, and the probation office recommended the court revoke Defendant's supervised release.

At the revocation hearing, the district court calculated the applicable sentencing guidelines range to be seven to thirteen months. Over Defendant's objection, the district court imposed a sentence of seven months, with an additional twelve months of supervised release. On appeal, Defendant's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), explaining why counsel believes there to be no reasonable grounds for appeal. Defendant responded, through a letter from counsel, and asked the court to consider several mitigating factors, including family deaths, schooling concerns, and good behavior. The government did not file a response brief.

When defense counsel files an *Anders* brief, we are required to conduct "a full examination of all the proceedings[] to decide whether the case is wholly frivolous." *Id.* at 744. We agree with counsel that Defendant has no non-frivolous grounds he could raise on appeal. We see no error in the district court's calculation of the applicable sentencing guidelines range, and we see no basis by which Defendant could rebut the presumption of reasonableness attached to his within-guidelines sentence. *See United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007).

Our thorough review of the record persuades us that Defendant can raise no meritorious issue on appeal. We therefore **GRANT** counsel's motion to withdraw and

**DISMISS** the appeal.

ENTERED FOR THE COURT

Monroe G. McKay
Circuit Judge